# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **JOHNNY DEWAYNE EVANS,** | : |
| **Plaintiff,** | : |
| v. | : CASE NO. 7:17-CV-00189-HL-TQL |
| Warden **STANLEY WILLIAMS,** *et al.*, | : |
| **Defendants.** | : |

## ORDER

Plaintiff Johnny Dewayne Evans has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. In this Complaint, Plaintiff alleges that on August 10, 2017, prison guards used excessive force against him, causing injury. *See* Compl. 5-6, ECF No. 1. Plaintiff also alleges that prison officials have improperly confined him to Tier II segregation. *Id.* at 7. Plaintiff has, however, already filed another document with the Court that was construed as a claim under § 1983 and was docketed as such. *See Evans v. Smith*, No. 7:17-cv-00170-HL-TQL (M.D. Ga. Oct. 3, 2017). That action was also based on the events occurring on August 10, 2017, and it appears to involve many of the same parties and to bring claims that are closely related to those alleged in the above-captioned lawsuit.

Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact."[1] Consolidation of

---

[1] "[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v.*

Plaintiff's cases will conserve judicial resources and permit the efficient resolution of Plaintiff's claims. It is therefore **ORDERED** that this case, 7:17-cv-00189-HL-TQL, be **CONSOLIDATED** into *Evans v. Smith*, No. 7:17-cv-00170-HL-TQL (M.D. Ga. Oct. 3, 2017), and that the present case, 7:17-cv-00189-HL-TQL, be **ADMINISTRATIVELY CLOSED.** Plaintiff's pending motion to proceed *in forma pauperis* (ECF No. 2) will be addressed in *Evans v. Smith*.

Plaintiff has also moved for a temporary restraining order, alleging that Defendant Johnson, a prison guard, has been "makeing [sic] remarkable comments" to Plaintiff, causing him to be afraid. Mot. TRO 1, ECF No. 3. A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[2] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

---

*Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).

[2]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

Plaintiff does not address these factors in his motion or provide any specific details about the comments made by Defendant Johnson. The Court thus finds that at this juncture, the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Accordingly, Plaintiff's motion for a temporary restraining order (ECF No. 3) is **DENIED.** If Plaintiff still believes that a temporary restraining order is necessary, he may file a renewed motion, addressing the factors outlined above and providing specific facts to support his assertions, as this case progresses.

**SO ORDERED**, this 10th day of January, 2018.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE